UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>CC HOLDINGS 2000 LLC,<br>    *Debtor.* | Civil No. 3:18cv2139 (JBA) |
| CC HOLDINGS 2000 LLC,<br>    *Appellant,*<br><br>v.<br><br>D. WASHBURN INVESTMENTS, LLC,<br>    *Appellee.* | March 9, 2020 |

**RULING ON APPELLEE'S MOTION TO DISMISS**

Debtor-Appellant CC Holdings 2000 LLC appeals from the ruling of the Bankruptcy Court granting Appellee D. Washburn Investments, LLC's motion to compel the Trustee to abandon certain real property of the bankruptcy estate. Appellee moves to dismiss the appeal because Appellant's counsel, James T. Early, III, "has not been authorized by the United States Bankruptcy Court for the District of Connecticut for matters pending in that court or any related [] matters in other jurisdictions," which violates the "fundamental concept of bankruptcy law that counsel for a debtor must be retained and authorized to represent the debtor by an order of the United States Bankruptcy Court where the case is pending." (Mot. to Dismiss [Doc. # 13] at 1.) Because Mr. Early has secured no such order, Appellee argues, "this appeal was not properly filed and accordingly, should be dismissed by this court without any need for further adjudication." (*Id.* at 2.) Appellee also argues that Mr. Early is not entitled to file this appeal on behalf of Appellant by virtue of his "alleged[]" status as "a principal of the debtor entity CC Holdings 2000 LLC" because "the debtor is an entity and not Mr. Early in his individual capacity." (*Id.*) Mr. Early moved for an extension

of time to respond to the motion to dismiss until April 8, 2020 "for health reasons." (Mot. for Ext. [Doc. # 14] at 2.)

In support of its motion to dismiss, Appellee cites District of Connecticut Local Rule of Bankruptcy 1002-1, which prohibits entities from appearing in the Bankruptcy Court without an attorney, and Local Rule 2014-1, which sets forth the requirements for filing the statement which must accompany applications for employment, as required by Federal Rule of Bankruptcy Procedure 2016(b). (Mem. Supp. Mot. to Dismiss {Doc. # 13-1] at 1-2.)

Federal Rule of Bankruptcy Procedure 2016(b) requires "[e]very attorney for a debtor, whether or not the attorney applies for compensation," to "file and transmit to the United States Trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by §329 of the Code," which describes the compensation paid or promised to the attorney for the debtor. Local Rule 2014-1(a) requires that the "statement required by FRBP 2016(b) . . . be filed with any application for employment of counsel for the Debtor," and provides that the "failure to fully complete and file" such statement "with any application or motion seeking employment [of counsel] . . . may result in denial of the application."[1] Because Appellant has not submitted any such statement or application for employment regarding Mr. Early, Appellee argues that the appeal must be dismissed.

---

[1] The Court notes that Federal Rule 2016(b) and Local Rule 2014-1 focus on the requirement under 11 U.S.C. § 329 that debtors' counsel must always "file with the court a statement for compensation under this title," but it is actually 11 U.S.C. § 327 which sets out the requirements for approval of counsel in bankruptcy cases. Nonetheless, the Court will address Appellee's basic argument that it is a "fundamental concept of bankruptcy law that counsel for a debtor must be retained and authorized to represent the debtor by an order of the United States Bankruptcy Court where the case is pending," (Mot. to Dismiss at 1).

Although approval by the Bankruptcy Court of counsel for the debtor in a Chapter 11 bankruptcy is required, such approval of debtor's counsel in a Chapter 7 bankruptcy is generally not required. *See Lamie v. United States Trustee*, 540 U.S. 526, 538-39 (2004) ("*If the attorney is to be paid from estate funds* under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court." (emphasis added)); *In re Mack Industries, Ltd.*, 606 B.R. 313, 319 n.3 (Bankr. N.D. Ill. 2019) ("The court must approve employment of counsel for a trustee in chapter 7 and chapter 11 cases, and counsel for a chapter 11 debtor in possession. These counsel must file fee applications that the court must approve and they are paid from the estate. 11 U.S.C. §§ 327(a), 328(a), 330(a). Chapter 7 debtors' counsel are not approved by the court and are not paid from property of the estate."); *In re Hasset, Ltd.*, 283 B.R. 376, 381 (Bankr. E.D.N.Y. 2002) (After a case is converted from Chapter 11 to Chapter 7, "counsel for a debtor may assist the *debtor* to perform its duties, without having first received Court authorization."); *In re Pine Valley Mach., Inc.*, 172 B.R. 481, 487 (Bankr. D. Mass. 1994) ("[W]hile counsel for the debtor, without court authorization, may assist the debtor to perform its duties" after conversion from Chapter 11 to Chapter 7, counsel cannot assist the Trustee in performing its duties absent authorization.).

Thus, the Bankruptcy Court's approval of Mr. Early as counsel for the debtor was not required after the conversion of this matter from a proceeding under Chapter 11 to a proceeding under Chapter 7, which occurred on October 19, 2017. (*In re CC Holdings*, No. 3:17-bk-32153(AMN), Doc. No. 57 (Bankr. D. Conn. Oct. 19, 2017).) The order from which Appellant appeals was issued on December 10, 2018, and his appeal was filed on December 23, 2018, after the conversion of this matter to a Chapter 7 bankruptcy.

Moreover, even if Mr. Early were required to seek authorization to represent the debtor as Appellee suggests, Appellee has cited no authority which indicates that the proper response to the

failure to seek such authorization would be the complete dismissal of Appellant's appeal. Nor has the Court found any such authority. Rather, Local Rule 2014-1 states simply that the failure to file the "statement required by FRBP 2016(b) . . . may result in denial of the application" for employment of counsel. That rule does not suggest that the proper response to the failure to submit such a statement, even where required, would be dismissal of the debtor's appeal. Thus, Appellee has demonstrated neither that Appellant was required to seek authorization to employ Mr. Early as counsel following the conversion of this matter to a Chapter 7 proceeding, nor that the proper remedy for failure to do so, even if required, would be dismissal of the pending appeal.

For the foregoing reasons, Appellee's Motion to Dismiss [Doc. # 13] is DENIED.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of March 2020.