UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NEW HAVEN DIVISION

In re: CC HOLDINGS 2000 LLC          DISTRICT COURT CASE NO.:18-02139

Bankruptcy Case No. 17-31253 (AMN)
Chapter 7

CC HOLDINGS 2000 LLC
  Appellant

v.

D. Washburn Investments, LLC
  Appellee

### APPELLEE'S BRIEF

Appellee still maintains that James T. Early, III has not been authorized to act as counsel to the debtor in this appeal and accordingly, his filings in these proceedings should be ignored by this honorable court. As stated previously, it is a fundamental concept of bankruptcy law that counsel for a debtor must be retained and authorized to represent the debtor by an order of the United States Bankruptcy Court where the case is pending. Mr. Early has failed to secure an order of the court authorizing his representation of the debtor/appellant. It is also highly unlikely that Mr. Early could ever be considered as appropriate counsel to the debtor in light of his equity interest as managing member and the manner in which that property interest essentially conflicts with his proceeding as counsel to the debtor entity.

Again, Mr. Early, allegedly in the role as counsel to the debtor entity, prepared and filed Schedules with the United States Bankruptcy Court for the District of Connecticut that list the market value of the subject parcel of real property at $850,000. Again, he also scheduled Appellee's claim in the amount of $908,504.00 – a negative equity position then that has clearly been increased by the continuing accrual of interest on the underlying obligation.

In support of his argument, he cites to the case of K.C. Machine & Tool Company, 816 F.2d 238 (1987). Those proceedings were conducted pursuant to Chapter 11 of the Bankruptcy Code and while initially, so were the instant proceedings; they are now under Chapter 7 which is essentially the "liquidation" chapter of the Bankruptcy Code. In the present circumstances; the Chapter 7 Trustee, an officer of the court, determined that there was no value in the Florida real estate that would inure to the benefit of the bankruptcy estate or its creditors. Even the filings of Mr. Early confirm that there is not even a hint of equity in the mortgaged premises that would be available to satisfy the claims of creditors of the estate. Again, at the time that the schedules in the underlying bankruptcy proceedings were prepared and filed; Mr. Early stated that the debt secured by the mortgage on the Florida parcel was $908,504.00. Considering that interest has continued to accrue on the obligation; that figure is substantially higher. Any of Mr. Early's complaints about the current holder of the mortgage on the secondary market are questions that should and will be addressed by the Florida Courts during the foreclosure process. The bankruptcy process has properly and correctly determined – again, with the involvement of a Chapter 7 Trustee who would have had an obligation to pursue recovery against the Florida real estate if it would have provided a benefit to the estate – that the Florida real estate was burdensome and without any economic value to the estate and its creditors and accordingly, that it should be abandoned. The K.C. Machine and Tool Company case (Unites States Court of

Appeals, Sixth Circuit) upon which Mr. Early relies is almost completely irrelevant as it addresses the impact that abandonment would have on the liens of a local taxing authority – a fact that is not in issue in these proceedings.

Maybe most importantly, the Bankruptcy Court's order abandoning the property does not in and of itself equate to any direct economic benefit to the Movant. It merely permits the Movant to pursue the remedies available to a Mortgage holder upon default. In the instant case; that will involve a foreclosure proceeding that will be addressed in the courts of the State of Florida. That will be the forum in which Mr. Early can raise any of his alleged arguments as to the validity of the mortgage, etc. This appeal is frivolous at best but more realistically an improper filing by an allegedly "practicing" attorney that has not been properly retained as counsel for the bankruptcy estate and who should be more aware of the rules and procedures of practice in the United States Bankruptcy Court for the District of Connecticut.

Appellee, D. Washburn Investments LLC

By: _____
Charles J. Filardi, Jr.
Reid and Riege, P.C.
One Financial Plaza
755 Main Street
21st Floor
Hartford, CT 06103
Tel: (860) 240-1076
Fax: (860) 240-1002
Email: cfilardi@rrlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of March, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Charles J. Filardi, Jr.*
Charles J. Filardi, Jr.